91 F.3d 157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harry W. PRUITT, Jr., Defendant-Appellant.
 No. 94-50659, 94-50660.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 4, 1996.*
Decided July 24, 1996.
 
 Before: SKOPIL, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendant Harry E. Pruitt, Jr., appeals interlocutorily the denial of his motion to dismiss the indictments against him on double jeopardy grounds. This court has jurisdiction pursuant to 28 U.S.C. § 1291. Abney v. United States, 431 U.S. 651, 662 (1977). We affirm.
 
 
 3
 The United States Supreme Court recently held that in rem civil forfeiture proceedings generally do not constitute "punishment" for purposes of the Double Jeopardy Clause. United States v. Ursery, Nos. 95-345, 95-346, 64 U.S.L.W. 4565, 4566, 4571 (U.S. June 24, 1996). The Court specifically held that forfeitures pursuant to 21 U.S.C. § 881 and 18 U.S.C. § 981 were "neither 'punishment' nor criminal for purposes of the Double Jeopardy Clause." Id. at 4571-72.
 
 
 4
 In Pruitt's case, the forfeiture at issue was instituted pursuant to these same statutes. Therefore, we conclude that the forfeiture cannot constitute punishment for purposes of the Double Jeopardy Clause. The denial of Pruitt's motion to dismiss the indictments against him is
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3